IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN BERESFORD, on behalf of himself and other persons similarly situated, | § § § | |
| Plaintiff | § § | |
| V. | § § | CA NO. 4:09-cv-03765 |
| | § | Jury Demanded |
| TECHCORR USA MANAGEMENT, LLC, | § § | |
| Defendant | § | |

## DEFENDANT'S FIRST AMENDED ANSWER & COUNTERCLAIMS

Defendant, TechCorr USA Management, LLC ("TechCorr") files its First Amended Answer and Counterclaims as follows:

### ADMISSIONS & DENIALS

1.      TechCorr admits the allegations contained in paragraph 1.

2.      TechCorr admits the allegations contained in paragraph 2.

3.      TechCorr denies the allegations contained in paragraph 3.

4.      TechCorr denies the allegations contained in paragraph 4.

5.      TechCorr denies the allegations contained in paragraph 5.

6.      TechCorr admits that this Court has subject matter jurisdiction but denies the remaining factual allegations contained in paragraph 6.

7.      TechCorr denies the allegations contained in paragraph 7.

8.      TechCorr denies the allegations contained in paragraph 8.

9.      TechCorr denies the allegations contained in paragraph 9.

Defendant's First Amended
Answer and Counterclaims

1

Case 4:09-cv-03765    Document 9-1    Filed in TXSD on 08/19/10    Page 2 of 12

10.    TechCorr denies the allegations contained in paragraph 10.

11.    TechCorr admits that the Southern District of Texas is a proper venue for this dispute but denies the remaining allegations contained in paragraph 11.

12.    TechCorr admits that the Southern District of Texas is a proper venue for this dispute but denies the remaining allegations contained in paragraph 12.

13.    TechCorr is without information to form a reasonable belief as to Plaintiff's current residence but denies the allegations contained in paragraph 13.

14.    TechCorr denies the allegations contained in paragraph 14.

15.    TechCorr denies the allegations contained in paragraph 15.

16.    TechCorr denies the allegations contained in paragraph 16.

17.    TechCorr admits that it employed Plaintiff but denies the remaining allegations contained in paragraph 17.

18.    TechCorr admits the allegations contained in paragraph 18.

19.    TechCorr admits the allegations contained in paragraph 19.

20.    TechCorr denies the allegations contained in paragraph 20.

21.    TechCorr denies the allegations contained in paragraph 21.

22.    TechCorr denies the allegations contained in paragraph 22.

23.    TechCorr denies the allegations contained in paragraph 23.

24.    TechCorr denies the allegations contained in paragraph 24.

25.    TechCorr denies the allegations contained in paragraph 25.

26.    TechCorr denies the allegations contained in paragraph 26.

27.    TechCorr denies the allegations contained in paragraph 27.

28.    TechCorr denies the allegations contained in paragraph 28.

29.    TechCorr denies the allegations contained in paragraph 29.

30.    TechCorr is without information sufficient to form a belief as to Plaintiff's interactions with other TechCorr employees but denies the remaining allegations contained in paragraph 30.

31.    TechCorr denies the allegations contained in paragraph 31.

32.    TechCorr denies the allegations contained in paragraph 32.

33.    TechCorr denies the allegations contained in paragraph 33.

34.    TechCorr denies the allegations contained in paragraph 34.

35.    TechCorr denies the allegations contained in paragraph 35.

36.    TechCorr denies the allegations contained in paragraph 36.

37.    TechCorr denies the allegations contained in paragraph 37.

38.    TechCorr denies the allegations contained in paragraph 38.

39.    To the extent that they are elsewhere denied, TechCorr denies the allegations contained in paragraph 39.

40.    TechCorr denies the allegations contained in paragraph 40.

41.    TechCorr denies the allegations contained in paragraph 41.

42.    To the extent that they are elsewhere denied, TechCorr denies the allegations contained in paragraph 42.

43.    TechCorr denies the allegations contained in paragraph 43.

44.    TechCorr denies the allegations contained in paragraph 44.

45.    TechCorr denies the allegations contained in paragraph 45.

46.    TechCorr denies the allegations contained in paragraph 46.

47.    TechCorr denies the allegations contained in paragraph 47.

Case 4:09-cv-03765    Document 9-1    Filed in TXSD on 08/19/10    Page 4 of 12

48.    To the extent that they are elsewhere denied, TechCorr denies the allegations contained in paragraph 48.

49.    TechCorr denies the allegations contained in paragraph 49.

50.    TechCorr denies the allegations contained in paragraph 50.

51.    TechCorr denies the allegations contained in paragraph 51.

52.    TechCorr denies the allegations contained in paragraph 52.

53.    TechCorr denies the allegations contained in paragraph 53.

54.    To the extent that they are elsewhere denied, TechCorr denies the allegations contained in paragraph 54.

55.    TechCorr denies the allegations contained in paragraph 55.

56.    TechCorr denies the allegations contained in paragraph 56.

57.    TechCorr denies the allegations contained in paragraph 57.

58.    TechCorr denies the allegations contained in paragraph 58.

59.    TechCorr denies the allegations contained in paragraph 59.

60.    TechCorr denies the allegations contained in paragraph 60.

61.    TechCorr denies the allegations contained in paragraph 61.

62.    TechCorr denies the allegations contained in paragraph 62.

63.    TechCorr denies the allegations contained in paragraph 63.

## AFFIRMATIVE DEFENSES

64.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of accord and satisfaction.

65.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of Plaintiff's prior material breach.

Defendant's First Amended
Answer and Counterclaims

4

Case 4:09-cv-03765    Document 9-1    Filed in TXSD on 08/19/10    Page 5 of 12

66.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of estoppels.

67.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of offset, payment and set-off.

68.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of ratification.

69.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of Plaintiff's own fault.

70.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of ERISA pre-emption.

71.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because Plaintiff has failed to exhaust his administrative remedies.

72.    Even if Plaintiff proves the allegations in his pleadings, TechCorr is not liable to Plaintiff because of waiver.

## JURISDICTION & VENUE

73.    This Court has supplemental jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1367 because they are part of the same case or controversy.

74.    Specifically, Plaintiff's claims against Defendant arise out of his employment with Defendant, and Defendant's counterclaims also arise of Plaintiff's employment with Defendant.

75.    Venue is proper in the Houston Division under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Defendant's counterclaims occurred in Harris County, Texas.

Defendant's First Amended
Answer and Counterclaims

## FACTS

76.    TechCorr is in the business of non-destructive testing for pipeline, chemical, and other energy-industry applications.

77.    Beresford is a former employee of TechCorr (the tubular testing manager), who has been waging a war of defamation and tortious interference against TechCorr since he walked off the job in 2008.

78.    For example, he has told persons in the industry that TechCorr's CEO was in prison for embezzlement, that TechCorr was going out of business, that TechCorr had "stolen" Beresford's *per diem*, and that TechCorr was "cheating" its customers.

79.    All of those statements are patently false.

80.    Beresford has made those false statements to TechCorr's contractors, customers, and employees, all in an effort to cause—and actually causing—serious injury to TechCorr.

81.    In addition, during his employment with TechCorr, Beresford was given access to TechCorr's confidential and trade secret information, including customer lists, pricing information, market strategies, and proprietary software and testing materials.

82.    During his employment, Beresford executed a non-disclosure and confidentiality agreement, in which he acknowledged the confidential nature of the information and materials.

83.    Even without a contract, as TechCorr's employee, Beresford was obligated under Texas law to protect that information and to refrain from using it for his own benefit.

84.    On information and belief, Beresford has misappropriated TechCorr's

confidential and trade secrets, and he is using them for his own personal gain.

## CAUSES OF ACTION

### Count One—Breach of Contract

85.     Beresford is liable to TechCorr for breach of contract.

86.     Pursuant to his contract with TechCorr, Beresford was obligated, among other things, to protect TechCorr's confidential and trade secret information.

87.     Beresford has materially breached his contractual obligations by using that information for his own personal gain.

88.     As a result of those material breaches, TechCorr has suffered damages, including lost profits, lost corporate opportunity, and damage to TechCorr's goodwill and business reputation.

### Count Two—Breach of Fiduciary Duty

89.     Beresford is liable to TechCorr for breach of fiduciary duty.   Beresford owed his employer, TechCorr, fiduciary duties as a matter of law.

90.     Beresford breached those duties by, among other things, disclosing TechCorr's confidential and trade secret information and using it for his own benefit.

91.     As a result of Beresford's conduct, TechCorr has suffered damages, including lost profits, lost corporate opportunity, and damage to TechCorr's goodwill and business reputation.

92.     In addition, because of the intentional nature of Beresford's actions, TechCorr seeks exemplary damages.

Case 4:09-cv-03765    Document 9-1    Filed in TXSD on 08/19/10    Page 8 of 12

### Count Three—Trade Secret & Confidential Information Misappropriation

93.    Beresford is liable to TechCorr for trade secret misappropriation.

94.    TechCorr owned trade secrets and confidential information such as marketing strategies, employee compensation, pricing structures, customer lists, and master service agreements with various customers.

95.    Beresford was given access to those trade secrets and confidential information under confidentiality agreements and subject to common law duties.

96.    Beresford, in violation of those contractual and common law duties, used and/or disclosed those trade secrets and confidential information, and acquired a trade secrets and confidential information by improper means.

97.    On information and belief, Beresford has been continually using those trade secrets and confidential information for his own benefit.

98.    As a result of Beresford's conduct, TechCorr has suffered damages, including lost profits, lost corporate opportunity, and damage to TechCorr's goodwill and business reputation.

99.    In addition, because of the intentional nature of Beresford's actions, TechCorr seeks exemplary damages.

### Count Four—Wrongful Interference with Existing & Prospective Contractual Relations

100.    Beresford is liable to TechCorr for wrongful interference with existing and prospective contractual relations.

101.    As detailed in this pleading, Beresford has wrongfully made false statement to TechCorr's customer and existing customers in an effort to interfere with TechCorr's

existing contractual relationships, as well as interfering with its prospective contractual relations.

102.    For example, Beresford's actions have negatively affected TechCorr's relationships with current and potential future customers, such as Methanix Chile Limited and Pasadena Refining Systems, Inc.

103.    As a result of Beresford's conduct, TechCorr has suffered damages, including lost profits, lost corporate opportunity, and damage to TechCorr's goodwill and business reputation.

104.    In addition, because of the intentional nature of Beresford's actions, TechCorr seeks exemplary damages.

### Count Five—Slander, Libel, and Business Disparagement

105.    Beresford is liable to TechCorr for slander, libel, and business disparagement.

106.    Beresford has publicly made defamatory statements to TechCorr's employees and customers about TechCorr that are false.

107.    Beresford published these statements for the purpose of causing economic damages to TechCorr, including damages to its reputation.

108.    Beresford's publication of these defamatory statements was not privileged because they were made with actual malice, *i.e.* he had actual knowledge of the falsity of the statements when they were published, or he published the statements with reckless disregard of whether they were true or false.

Defendant's First Amended
Answer and Counterclaims

109.    As a result of Beresford's conduct, TechCorr has suffered damages, including lost profits, lost corporate opportunity, and damage to TechCorr's goodwill and business reputation.

110.    Because Beresford acted knowingly and intentionally, TechCorr seeks exemplary damages from Beresford.

### ATTORNEY FEES

109.    TechCorr is entitled to recover its reasonable and necessary attorney fees and costs, as authorized by Chapter 38 of the Texas Civil Practice & Remedies Code, and in equity as reasonable and just.

### CONDITIONS PRECEDENT

110.    All conditions precedent to TechCorr's right to recovery have been performed, have occurred, or are otherwise excused.

### JURY DEMAND

111.    TechCorr demands a jury trial and will tender the appropriate fee along with the filing of this pleading.

### PRAYER

FOR THESE REASONS, TechCorr asks that Plaintiff take nothing by the claims in his pleading, and that TechCorr recover from Plaintiff damages as set forth in this pleading, on final hearing the Court enjoin Beresford from using TechCorr's confidential and trade secret information, and for all other relief, in law or in equity, to which it is justly entitled.

Defendant's First Amended
Answer and Counterclaims

Respectfully submitted,

By: /s/ Jared G. LeBlanc
    Jared G. LeBlanc
    Texas Bar No. 24046279
    Federal Bar No. 575408
    leblanc@buckkeenan.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT

OF COUNSEL:

Vianei Robinson
Texas Bar No. 12569750
Federal Bar No. 13660
robinson@buckkeenan.com
BUCK KEENAN LLP
5100 Bank of America Center
700 Louisiana
Houston, Texas    77002
(713) 225-4500
(713) 225-3719 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's First Amended Answer and Counterclaims was forwarded the following counsel of record in this cause via the Clerk's ECF System on August 19, 2010.

> Howard L. Steele, Jr.
> Mo Taherzadeh
> STEELE STURM, PLLC
> Wells Fargo Plaza
> 1000 Louisiana, Suite 3780
> Houston, Texas 77002


> _/s/ Jared G. LeBlanc_
> Jared G. LeBlanc